UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBERT LEE GIBSON,

                Petitioner,

-against-

FCI WARDEN, J. PETRUCCI,

                Respondent.

19-CV-9571 (CM)

TRANSFER ORDER

COLLEEN McMAHON, Chief United States District Judge:

Petitioner, currently incarcerated in the Federal Correctional Institution in Otisville, New York, brings this *pro se* petition for a writ of *habeas corpus* under 28 U.S.C. § 2241 in which he challenges the legality of his conviction in *United States v. Gibson*, 0:90-CR-6108-01 (S.D. Fla. Sept. 5, 1991), *aff'd*, No. 91-5785 (11th Cir. July 19, 1993). For the reasons set forth below, the Court transfers this action to the United States Court of Appeals for the Eleventh Circuit.

The proper jurisdictional basis for the relief Petitioner seeks is 28 U.S.C. § 2255, not § 2241. Section 2255 "is generally the proper vehicle for a federal prisoner's challenge to his conviction and sentence . . . ." *Jiminian v. Nash*, 245 F.3d 144, 146-47 (2d Cir. 2001). Petitioner has already challenged his conviction by filing a § 2255 motion that was denied on the merits by the United States District Court for the Southern District of Florida. *See Gibson v. United States*, 0:90-CR-6108, 96-CV-6667 (S.D. Fla. Oct. 15, 1997), *aff'd*, No. 97-5706 (11th Cir. Feb. 13, 1998); *see also Gibson v. Blackmon*, No. 5:17-CV-0145, 2017 WL 5339995, at *1-2 (N.D. Fla. Oct. 31, 2017) (recounting Petitioner's litigation history concerning his previous multiple § 2255 and § 2241 challenges to his conviction), *report & recommendation adopted*, 2017 WL 5327572 (N.D. Fla. Nov. 13, 2017), *appeal dismissed sub. nom.*, *Gibson v. Warden*, No. 17-15269-C, 2018 WL 6431021 (11th Cir. Apr. 11, 2018).

A submission is a second or successive § 2255 motion when a previous § 2255 motion challenging the same conviction or sentence was adjudicated on the merits. *Corrao v. United States*, 152 F.3d 188, 191 (2d Cir. 1998). A court may recharacterize a § 2241 petition as a second or successive § 2255 motion without providing the petitioner an opportunity to withdraw the petition. *Jiminian*, 245 F.3d at 148. Because Petitioner has already filed a § 2255 motion that was decided on the merits, the Court recharacterizes this § 2241 petition as a successive § 2255 motion.

Before a litigant may file a successive § 2255 motion in a district court, authorization from the appropriate Court of Appeals is required. 28 U.S.C. §§ 2244(b)(3)(A), § 2255(h). Petitioner has not indicated that he has received authorization from a Court of Appeals to file this petition. Petitioner must therefore request permission to pursue this action from the United States Court of Appeals for the Eleventh Circuit. *See In re: Robert Lee Gibson*, No. 16-15075-J (11th Cir. Aug. 9, 2016) (previously denying Petitioner permission to file a second or successive § 2255 motion). Because a second or successive § 2255 motion should be transferred to the appropriate Court of Appeals, *Liriano v. United States*, 95 F.3d 119, 122-23 (2d Cir. 1996), in the interest of justice, the Court transfers this action to the United States Court of Appeals for the Eleventh Circuit.

## CONCLUSION

The Court directs the Clerk of Court to assign this matter to my docket, mail a copy of this order to Petitioner, and note service on the docket. In the interest of justice, the Court transfers this successive § 2255 motion to the United States Court of Appeals for the Eleventh Circuit under 28 U.S.C. § 1631. This order closes this action.

Because the petitioner makes no substantial showing of a denial of a constitutional right, this Court will not issue a certificate of appealability. *See* 28 U.S.C. § 2253.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that "a defendant's good faith in [a criminal] case [is] demonstrated when he seeks appellate review of any issue not frivolous").

The Court also directs the Clerk of Court to docket this order as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated: October 18, 2019
        New York, New York

                                          COLLEEN McMAHON
                                    Chief United States District Judge